MAURICE SCULLY, Appellant, v. STANDARD OIL COMPANY OF NEW YORK, Respondent.

First Department, November 3, 1922.

**Motor vehicles — action for injuries to third person while standing on sidewalk — defendant's car collided with another car and then struck plaintiff — judgment in favor of defendant against weight of evidence.**

In an action to recover damages for injuries received by the plaintiff when he was struck by defendant's automobile it appeared that at the time of the accident the plaintiff was standing on the sidewalk; that the defendant's

7

First Department, November, 1922.     [Vol. 203

automobile collided with another automobile and then struck the plaintiff. *Held*, on all the evidence, that a judgment in favor of the defendant was against the weight of the evidence and should be reversed and a new trial granted.

APPEAL by the plaintiff, Maurice Scully, from a determination of the Appellate Term of the Supreme Court, First Department, in favor of the defendant, entered in the office of the clerk of the county of New York on the 25th day of January, 1922, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Seventh District, dismissing the complaint upon the merits.

*Caldwell & Banister* [*Charles Caldwell* of counsel], for the appellant.

*Courtland Palmer* [*Percy J. King* of counsel], for the respondent.

MERRELL, J.:

The action was to recover damages for personal injuries claimed to have been suffered by the plaintiff by reason of the negligence of a servant of the defendant. The action was tried before a justice of the Municipal Court, without a jury. The affirmance by the Appellate Term was by a divided court, two of the justices of the Appellate Term voting for affirmance, and the third justice dissenting. A careful examination of the evidence leads me to the conclusion that the decision of the Municipal Court was clearly against the weight of the evidence, and the affirmance by the Appellate Term should be reversed and a new trial directed in the Municipal Court.

The evidence is brief. Plaintiff first called Paul F. Bufano, a police officer, who testified that he was present at the place of the accident, near the corner of East One Hundred and Nineteenth street and Third avenue, on March 6, 1921, shortly after the accident occurred. The police officer was not an eye-witness of the accident but reached the place where the plaintiff received his injuries shortly thereafter and about half-past eight o'clock in the forenoon; that he saw two automobiles there, one the defendant's car, a two-passenger coupe, and the other a five-passenger touring car having a Connecticut license; that when he first saw the cars they were on the east side of the street between Second and Third avenues, and about twenty-five feet apart; that the morning was moist and the pavement damp; that the car that was nearest Third avenue was the Connecticut car. The police officer describes the plaintiff's injuries as laceration of his scalp.

The plaintiff, sworn, testified that on the morning in question he stood at the northeast corner of One Hundred and Nineteenth street and Third avenue looking in a southerly and westerly direction;

that he was about to take a walk and had been walking around at the time, which was on a Sunday morning, and that he saw two automobiles approaching, one from the south traveling northerly on the east side of Third avenue, and one from the west going easterly on One Hundred and Nineteenth street and approaching the Third avenue intersection. Plaintiff testified positively that the east-bound car, which was the car of the defendant, was traveling on the northerly side of One Hundred and Nineteenth street and in crossing Third avenue it passed northerly of two elevated pillars which stood in the middle of One Hundred and Nineteenth street, as it crossed Third avenue; that the cars were going fast, and that they came together just as the east-bound car of the defendant was crossing the easterly crosswalk of Third avenue; that the plaintiff was standing upon the sidewalk and about three feet from the curb, and had just started to walk away when he was struck on the right side of the head and thrown down upon the sidewalk; that the front part of the east-bound automobile of the defendant came upon the sidewalk and struck him and knocked him down; that he received a sprain of his left hand, and was struck in the back of the head, and cut; his knees were skinned, and he was otherwise injured; that his left thumb was bruised and black and the nail came off; that at the time of the trial he was unable to grasp with his injured hand without pain. On cross-examination the plaintiff adhered to his testimony on direct examination, and testified that he appreciated that the cars were liable to collide as they were swiftly approaching. He testified that he saw each of the cars when they were about a quarter of a block away.

Plaintiff also called Sam Porcelli, who ran a fruit stand on the southeast corner of Third avenue at One Hundred and Nineteenth street, directly opposite the point where the plaintiff claims to have been struck. Porcelli testified that he saw the accident when it occurred; that at the time he was putting apples on his stand on the sidewalk. He testified that he saw the cars going from the west across to the east; that he saw the plaintiff on the sidewalk and saw the cars come together and the defendant's car strike the plaintiff. Porcelli also testified positively that the defendant's car, as it was going toward the east, was on the northerly side of One Hundred and Nineteenth street, and that in crossing Third avenue it passed to the left of the elevated pillars in the middle of the street, on the uptown side of One Hundred and Nineteenth street; that when the collision occurred it was about fifteen feet easterly of Third avenue on One Hundred and Nineteenth street; that he saw the plaintiff knocked down and ran over to him and picked him up; that just before the defendant's car ran upon the

First Department, November, 1922.          [Vol. 203

sidewalk the north-bound car struck the defendant's car. Both the plaintiff and Porcelli testified that they heard no horn of either automobile blown prior to the accident.

Antonio Mageri, also called as a witness by the plaintiff, testified that he was across the street beside Sam Porcelli at the time of the accident, and that he saw it as it occurred. Counsel for the defendant thereupon stipulated in open court that the witness Mageri would testify to the same effect as had Porcelli with the same questions and answers and the same cross-examination.

Dr. James Law testified as to the injuries sustained by the plaintiff.

On the part of the defendant, the defendant's chauffeur, Victor G. Miller, was sworn, and he testified that he was going easterly just before the accident on One Hundred and Nineteenth street, but was traveling on the southerly or proper side of the street; that the plaintiff, before he struck him, stood with one foot off the curb. This testimony is important as affecting the credibility of defendant's chauffeur, as later on in his examination he testified he did not see the plaintiff until after he had brought his car to a stop and looked back. The defendant's chauffeur testified that he was traveling at the time he struck the plaintiff not over eight or ten miles an hour, but admitted, upon cross-examination, that before bringing his car to a stop he continued easterly on One Hundred and Nineteenth street a distance of 125 to 150 feet, and that he then for the first time looked around and saw the plaintiff. It is very difficult to understand how he could have been traveling only eight miles an hour and still that it required 125 to 150 feet to bring his car to a standstill. His testimony on the whole is most incredible. He, as before stated, testified that he did not see the plaintiff until he looked back after the accident, and just prior thereto he had testified that just before the plaintiff was struck he stood with one foot off the sidewalk. He also denied that any part of the defendant's automobile went upon the sidewalk, but was unable to say that any part of his automobile protruded over the curb. He testified, however, that the overhang and the license plate were what struck the plaintiff. The chauffeur's testimony in this respect would not indicate that he had any actual knowledge of such fact to which he had testified. The chauffeur also denied that there were any eye-witnesses, either Porcelli or Mageri, present. He was most positive about that. The police officer, Bufano, recalled, testified that both of these witnesses were present, and that he obtained the name of Mageri, but that Porcelli refused to give his name at the time; that he saw them both there.

It is very difficult, from an examination of the evidence in this

case, to understand why the Municipal Court rendered judgment in favor of the defendant.

The defendant's chauffeur testified positively that as he was proceeding easterly he did not see the car which he says struck him later; that he never saw it until he brought his car to a stop and looked back to see what it was that had struck him. He testified there were no other cars there. If the defendant's chauffeur was proceeding at the moderate rate of speed to which he testifies, and had injury resulted to his car or to himself as the result of the collision, and had action been brought against the owner of the Connecticut car therefor, such action could have been successfully defended upon the ground of the contributory negligence of the chauffeur of the plaintiff in such action in not seeing the approach of the Connecticut car and in failing to make some effort to avoid the collision.

The decision of the Municipal Court was grossly against the weight of the evidence, and the affirmance by the Appellate Term of the judgment rendered thereon should be reversed and a new trial granted in the Municipal Court, with costs in all courts to the appellant to abide the event.

CLARKE, P. J., SMITH, GREENBAUM and FINCH, JJ., concur.

Determination and judgment reversed and new trial ordered, with costs in all courts to the appellant to abide the event.